*Ernest TSO*
Petitioner-Appellee
*vs.*
*NAVAJO HOUSING AUTHORITY*
Respondent-Appellant

In the Supreme Court of the Navajo Nation

No. SC-CV-10-02

June 19, 2003

Sampson Martinez, Esq., Gallup, New Mexico, for Appellee.

Patterson V. Joe, Esq., Flagstaff, Arizona, for Appellant.

Before YAZZIE, Chief Justice, and KING-BEN and FERGUSON, Associate Justices.

Opinion delivered by FERGUSON, Associate Justice.

This case comes to the Court by way of motions to dismiss made by each party. We deny both motions and will proceed to hear both the appeal and cross-appeal.

### MOTION TO DISMISS THE MAIN APPEAL

The Appellee, Ernest Tso, argues that the Appellant, Navajo Housing Authority (NHA), should have filed the transcript with the Navajo Nation Labor Commission instead of directly with the Supreme Court, and that therefore the Appellee did not receive a copy of the transcript from the Labor Commission as required by Rule 9(b)(4) of the Navajo Rules of Civil Appellate Procedure. We will once again attempt to clarify the requirements of Rule 9. However, because the Appellee has not pointed to any prejudice he suffered in preparing his case after the transcript was filed directly with this Court, we decline to grant the motion to dismiss in this case.

For the future, we note that it is the Appellant's responsibility to file any transcript with the District Court or administrative agency who should then transmit the transcript to this Court and generally provide a copy to the Appellee as outlined in Rule 9(a)(2) and (b)(4). In *Legislative Branch/Community Services Program v. Hatathlie*, 7 Nav. R. 259, 260 (Nav. Sup. Ct. 1997), we said, "We therefore use this opportunity to clarify and stress the Appellant's duty under our civil appellate rules to make a timely transmission of the record and to ensure its completeness; particularly, in appeals from administrative agencies." We held that despite the drafter's oversight in not mentioning administrative agencies, "Rule 9(a)(2) requires the clerk of the district court or *an administrative agency* to compile and index the record and transmit it to the Navajo Nation Supreme Court within thirty days of the date the notice of appeal is filed." (emphasis added) After the *Legislative Branch* case, it should be clear that the transmission of the record (including the transcript) should be done through the District Court or administrative agency. The Appellant has the ultimate responsibility to see that this Court has the complete record before it, despite the fact that the clerk of the District Court (or administrative agency) will actually do the transmitting. *Burnside v. Thriftway Marketing Corp.*, 7 Nav. R. 152, 157 (Nav. Sup. Ct. 1995).

We do not agree with the NHA that because Rule 9(a)(2) and Rule 9 (b)(4) set out the 30-day deadline for the transmission of the transcript the Appellant's duty to transmit through the District Court or administrative agency only applies during that 30-day period. Rules 9(a)(2) and 9(b)(4) set the general procedure and timeline. The fact that the Rules also allow for enlargement of time does not necessarily mean that the entire process of filing the transcript is suddenly open to interpretation. The proper procedure is to file the transcript

with the District Court or administrative agency and to diligently ensure its transmission to the Supreme Court, regardless of any extensions granted.

Filing transcripts directly with this Court is not a rare practice however, probably due to the complexity of Rule 9 governing the record on appeal. We do not encourage alternate practices, especially in light of our repeated attempts to clarify Rule 9 through case law. However, we will not dismiss a case where the Appellant has diligently filed the transcript with this Court and informed the Appellee of its location, unless the challenger can show some prejudice to his case. In this case, the Appellee filed a cross-appeal and shares some responsibility for putting the materials necessary for a proper decision into the Court's hands. Due process does not require that the Appellee actually receive a copy of the transcript. Rule 9(b)(4) itself provides that in cases with more than one Appellee, the copy of the original transcript shall not be mailed to all Appellees but rather retained by the District Court (or administrative agency) for the review of all of the Appellees. No other part of the record is ever sent to the Appellee. The parties on appeal were also parties to the proceedings below, and it is not likely they will be unfairly surprised by the record and the transcript of those proceedings in which they participated. Access to the record at one of the Navajo courts is minimally sufficient for review in preparing arguments on appeal and determining that the record before the Supreme Court is complete and accurate.

In this case, the NHA timely informed Mr. Tso of the direct filing of the transcript at the Supreme Court many months before the briefing was scheduled. The transcript has clearly been available to him in his work on the case. He does not argue that the record before the Court is flawed or that his work was hindered.

## MOTION TO DISMISS CROSS-APPEAL

The Appellant NHA seeks to dismiss Appellee Mr. Tso's cross-appeal for failure to file a brief either as a Cross-Appellant or as an Appellee. However, Mr. Tso properly filed what amounts to a motion for enlargement of time to file his brief until his motion to dismiss has been decided. An Appellee may combine his briefs as cross-appellant and Appellee into one document under Rule 11(3) of the NRCAP. We will consider Mr. Tso's motion for enlargement of time to relate to both portions of such a combined brief.

## CONCLUSION

Both motions to dismiss are DENIED. We DENY the Appellee's motion to dismiss for improper filing of the transcript. In this case only, to further assuage the Appellee, we hereby ORDER the Clerk of the Supreme Court, to immediately mail the copy of the original transcript in this case to the Appellee. The Appellant NHA's motion to dismiss is also hereby DENIED. This case shall proceed for a hearing of the merits of the appeal and cross-appeal. The Appellee's motion for enlargement of time to file his brief is supported by good cause and is

hereby GRANTED. The Appellee shall have 30 days from the date of this opinion to file his brief with this Court.